J. I. Roberts v. Commissioner. Helen M. Roberts v. Commissioner.
Roberts v. Commissioner
Docket Nos. 9763, 9764.
United States Tax Court
1948 Tax Ct. Memo LEXIS 125; 7 T.C.M. (CCH) 536; T.C.M. (RIA) 48139; July 30, 1948
*125 Petitioners acquired a one-half interest in an oil lease in return for their agreement to pay one-half of the intangible drilling costs incident to the sinking of a well. Held, that this expenditure by petitioners was to them a cost of the property acquired and not subject to deduction as an expense under section 23 (m) of the Internal Revenue Code. C. Ellis Henican, Esq., for the petitioners. John P. Higgins, Esq., for the respondent. LEECH
Memorandum Opinion LEECH, Judge: In these consolidated proceedings, the respondent has determined deficiencies in income tax for the taxable year 1941 against each of the petitioners in the sum of $1,650.19. The petition in each proceeding assigns several identical errors but all of these except one have been conceded by the petitioners. The remaining *126 issue is whether each of these petitioners is entitled to the deduction of $6,198.02 as intangible drilling costs expended by them on an oil lease in which they held an interest. [The Facts] The facts are stipulated and are so found. The petitioners are husband and wife, residing in Shreveport, Louisiana. They filed separate income tax returns for the year 1941 with the collector of internal revenue at New Orleans, Louisiana. In that year petitioners owned in community one-half of a joint venture operated in partnership by the petitioner, J. I. Roberts, and C. H. Murphy, Jr., under the name of Roberts and Murphy. In the taxable year the Texas Company owned an oil lease known as the "Jeff Hunt." This lease they assigned to Robert A. Stacy and Delta Drilling Company under an agreement obligating the latter to drill and operate a well. Robert A. Stacy and Delta Drilling Company assigned on October 18, 1941, for "One Dollar ($1.00) and other good and valuable considerations," a one-half interest in the Jeff Hunt lease to Roberts and Murphy, and on October 29, 1941, a contract was executed between the assignors and assignees, providing for the drilling of the well by Stacy and *127 the Delta Drilling Company and the operation thereof by Roberts and Murphy. By this contract Roberts and Murphy were obligated to pay one-half of the intangible drilling costs, together with $15,250 representing one-half of the cost of the equipment necessary to the development and operation of the well. This agreement provides, inter alia, as follows: "That STACY AND DELTA have agreed to sell to ROBERTS AND MURPHY an undivided one-half interest in said lease, for and in consideration that ROBERTS AND MURPHY hereby agree to pay one-half of the drilling expense of the well to be located on said East half of the Southwest quarter (E 1/2 of SW 1/4) of Section 11, Township 18, south, Range 22, west, said well to be drilled and completed in the manner hereinafter stipulated by STACY AND DELTA at a cost hereinafter stipulated." The well above referred to was drilled, and produced commercially during 1941, and Roberts and Murphy paid the sum of $24,742.08, representing one-half of the intangible drilling expenses. Of this, petitioners' share, as owners in community of one-half of the joint venture of Roberts and Murphy, was $12,371.04. Roberts and Murphy, for the calendar year 1941, *128 filed a partnership return of income on which it charged off as expense as intangible development costs of the Hunt lease the sum of $24,742.08. In making their individual separate returns for the calendar year 1941, each of the petitioners deducted the proportionate share of the one-half of such expense paid by them, or $6,198.02. These deductions were disallowed by respondent in determining the deficiencies. [Opinion] Section 23 (m) of the Internal Revenue Code, as interpreted by Regulations 103, section 19.23 (m)-16, permits an election by the taxpayer to either deduct as his operating expense or capitalize intangible drilling costs expended by him in the development of an oil lease owned by him or in which he has an interest. The principle is well settled, however, that if the intangible drilling costs have been expended by the taxpayer as his consideration for the obtaining of the lease or an interest therein, such expenditures represent the cost to him of the property and not expenses of operation and, consequently, do not come within the provisions of section 23 (m), but must be capitalized. Manahan Oil Co., 8 T.C. 1159, Alex McCutchin, 4 T.C. 1242; *129 F.H.E. Oil Co., 3 T.C. 13; affd., 147 Fed. (2d) 1002; F. F. Hardesty, 43 B.T.A. 245; affd., 127 Fed. (2d) 843. The stipulated facts leave no doubt that the acquisition of a one-half interest in the Hunt lease by Roberts and Murphy was in consideration of their agreement to pay onehalf of the intangible drilling costs, and that this payment represented a capital cost of the property to them. Under the rule cited, the action of respondent in disallowing the deductions in each of these proceedings is approved. Decisions will be entered for the respondent.